

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-8-2008

# USA v. Jones

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2472

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Jones" (2008). *2008 Decisions.* Paper 1788.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1788

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 06-2472
_____

UNITED STATES OF AMERICA

v.

TYRONE DALE JONES, II
a/k/a Roni

Tyrone Dale Jones, II,
Appellant

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 05-cr-00278)
District Judge: Honorable William W. Caldwell

_____

Submitted Under Third Circuit LAR 34.1(a)
December 10, 2007

Before:  RENDELL and STAPLETON, Circuit Judges,
and IRENAS,* District Judge.

(Filed January 8, 2008)

_____

    *  Honorable Joseph E. Irenas, Senior Judge of the United States District Court for
    the District of New Jersey, sitting by designation.

OPINION OF THE COURT

RENDELL, *Circuit Judge.*

Appellant Tyrone Jones ("Jones") made the mistake of agreeing to sell crack cocaine to a confidential informant for the Government, but came to suspect, before making the actual sale, that he was under surveillance. As the police approached his apartment building after he left the "meet site," they saw Jones throwing bags of crack cocaine, scales, and a handgun from the roof of his residence. The handgun landed a few feet from a DEA agent.

After his initial appearance, Jones was detained, but prison officials mistakenly released him to the custody of state parole agents. Jones contacted his attorney and told him that he had mistakenly been released, but decided that he would prefer to vacation rather than surrender. Jones eventually communicated this preference to the United States Marshal's Office and indicated that he would surrender at a later date. He was thereafter arrested and returned to custody.

Jones pled guilty to a drug offense and a contempt of court offense,[1] acknowledging at his guilty plea hearing that he had thrown cocaine and a loaded gun off the roof of his house on the night of his arrest. He was sentenced to 246 months'

_____

[1]Specifically, Jones pled guilty to distribution and possession with intent to distribute crack cocaine and marijuana, in violation of 21 U.S.C. § 841, and contempt of court, in violation of 18 U.S.C. §§ 401, 2.

imprisonment and a three-year term of supervised release.[2]  It is this sentence that forms the basis of Jones's appeal.  We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

At sentencing, the District Court calculated Jones's sentence in a way that he now contends was error, to wit:

1.  Two levels were added to his offense level pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm.

2.  Two levels were added to his offense level pursuant to U.S.S.G. § 3C1.1 for obstruction of justice based upon Jones's failure to immediately re-surrender to the United States Marshals.

3.  The District Court imposed separate and consecutive sentences for grouped counts.

4.  The District Court took an offense committed prior to the age of eighteen into account in sentencing Jones as a career offender notwithstanding the fact that he was released from imprisonment for the offense more than five years prior to the commission of the instant offense.

5.  The District Court indicated its belief that it had no discretion to impose a sentence less than called for under the crack Sentencing Guidelines.

_____

[2]He was also ordered to pay a $1,000 fine, $1,000 in restitution, and a $110 special assessment.

We have little difficulty disposing of Jones's objections to points 1 through 4. With respect to point 1, facts were clearly set forth at the plea colloquy with respect to the possession of a firearm,[3] and we reject Jones's contention that this finding should have been made by a jury. To the contrary, this was a sentencing enhancement properly determined by the District Court using a preponderance of the evidence standard. *See United States v. Grier*, 475 F.3d 556, 568 (3d Cir. 2007).

With respect to point 2, we find no error in the District Court's addition of points for willful obstruction of justice where Jones made the choice of not surrendering when he should have after his release.

With respect to point 3, Jones focuses on the calculation of his offense level in arguing that the District Court misapplied the grouping Guidelines by imposing two separate consecutive sentences for grouped counts. In so doing, he ignores the impact of section 5G1.2(d) of the Guidelines, which applies here and which calls for a consecutive sentence for the two counts of conviction, giving rise to a 246-month sentence.

With respect to point 4, Jones neglects to recognize that the applicable Sentencing Guideline, U.S.S.G. § 4A1.2(d), is stated in the disjunctive with respect to counting offenses committed prior to the age of eighteen.[4] Thus, the offense in question counts

---

[3]Additionally, the District Court heard testimony at an October 25, 2005 suppression hearing in which Jones's actions relative to the gun were described.

[4]Application Note 7 of section 4A1.2 further clarifies this point, stating in relevant part:

(continued...)

4

toward career offender status, notwithstanding the fact that Jones had been released from prison more than five years before the instant offense, because it satisfies the alternative basis—namely, it resulted in an adult sentence of imprisonment exceeding one year and one month.

With respect to point 5, this aspect of the District Court's sentencing does give us pause, in that the Court believed it was restricted by the Sentencing Guidelines for crack cocaine. Jones's counsel argued that the disparity for crack cocaine would result in a sentence that was greater than necessary to achieve the goals of sentencing under 18 U.S.C. § 3553(a). The District Court denied counsel's objection, indicating that it was not "relevant," and that "it is a matter that has to be handled by Congress in the first instance to change that." (App. 23.) The District Court sentenced Jones to the combined statutory maximum for the two offenses, *i.e.*, 246 months' imprisonment.

The Supreme Court has recently instructed that a sentencing court can consider the disparity in the sentences for crack cocaine as part of its analysis under § 3553(a). *United States v. Kimbrough*, No. 06-6330, 2007 WL 4292040 (U.S. 2007). Accordingly, we will

---

[4](...continued)
> Section 4A1.2(d) covers offenses committed prior to age eighteen. . . . [F]or offenses committed prior to age eighteen, only those that resulted in adult sentences of imprisonment exceeding one year and one month, *or* resulted in imposition of an adult or juvenile sentence or release from confinement on that sentence within five years of the defendant's commencement of the instant offense are counted.

U.S.S.G. § 4.A1.2 cmt. n.7 (emphasis added).

VACATE Jones's sentence and REMAND for re-sentencing in accordance with

*Kimbrough*, so that the District Court can give consideration to this factor in sentencing

Jones.

_____